FILED
SEP 16 2011
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA
AT CHARLESTON

**ERNEST ALDERMAN,**

Plaintiff,

v.   CIVIL ACTION NO. 2:10-CV-00907
*Lead Case*
Judge Goodwin

**FOLA COAL COMPANT, LLC,** a
**West Virginia corporation; and**
**CONSOL ENERGY, INC.,** a
**Delaware corporation,**

Defendants.

## PLAINTIFFS OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiffs by counsel, Wayne King, and hereby states to this Honorable Court that the Plaintiffs object to the Defendant's Motion for Summary Judgment because the depositions in this matter and the attached affidavits reveal that there are genuine issues in controversy between the parties and that the Court should deny the Defendant's Motion for Summary Judgment.

Defendant's have filed with this Court a Memorandum of Law that clouds the issues to be decided in that this matter. The matter to be decided is not complicated in that the Plaintiffs have shown during their deposition testimony and by the attached affidavits that the method and manner of discharge suffered by the Plaintiffs was contrary to policy and in violation of West Virginia Law, to-wit, the West Virginia Human Rights Act as alleged in the Complaint.

The Plaintiffs were terminated because of their age as alleged in the Complaint and since this issue alone is in controversy, summary judgment cannot be granted. In the case of <u>First Nat'l Bank v. Maryland Cas. Co.</u> *354 F. Supp. 189*, (S.D. W. Va. 1973) the Court stated that "on motion for summary judgment, the court views the evidence in the light most favorable to the party opposing the motion and gives to that party the benefit of all favorable inferences that may be reasonable drawn from the evidence." West Virginia Law in the case of *Taylor v. Culloden Pub Serv. Dist.*, 214 W. Va. 639, 591 S.E.2d 197 (2003) "the benefit of the doubt" is to be given to the nonmoving party. Both the circuit court of this Court "must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion" *Painter v. Peavy,* 192 W.Va. 189, 192, 451 S.E.2d 755,758 (1994). Furthermore, the West Virginia Supreme Court explained in *Crain v. Lightner,* 178 W. Va. 765, 364 S.E. 2d 778, (1987), the "[i}f there is any evidence in the record from any source from which a reasonable inference in the nonmovant's favor may be drawn as to a material fact, the nonmoving party is not entitled to a summary judgment." *Crain* at page 769, and 782. A court does not have a right to "try issues of fact: a determination can only be made as to whether there are issues to be tried." *Hanlon v. Chambers,* 195 W.Va 99, at 105, 105 S.E.2d 741, at 747 (1995). As there are genuine issues in controversy, summary judgment should not be granted to the defendants.

Therefore, Plaintiffs pray that the Defendant's Motion for Summary Judgment be denied and that the matter be determined by a jury called by this Honorable Court.

ERNEST ALDERMAN *(LEAD CASE)*

BY COUNSEL

_____
Wayne King, WVSBN 2045
420 Main Street
P. O. Box 356
Clay, West Virginia 25043
Phone-1—304-880-8886
e-mail-wayne.lawyer@gmail.com and waynekinglawyer@yahoo.com

IN THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA
AT CHARLESTON

ERNEST ALDERMAN,

        Plaintiff,

v.                                                                  CIVIL ACTION NO. 2:10-CV-00907
                                                          Judge Goodwin

FOLA COAL COMPANT, LLC, a
West Virginia corporation; and
CONSOL ENERGY, INC., a
Delaware corporation,

        Defendants.

# EXHIBIT

# A

IN THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA
AT CHARLESTON

ERNEST ALDERMAN,

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:10-CV-00907
　　　　　　　　　　　　　　　　　　　Judge Goodwin

FOLA COAL COMPANT, LLC, a
West Virginia corporation; and
CONSOL ENERGY, INC., a
Delaware corporation,

　　　　　Defendants.

## AFFIDAVIT OF JAMES TAYLOR

STATE OF WEST VIRGINIA,

COUNTY OF CLAY, to-wit:

I, James Taylor, being duly sworn hereby state that I was born on the 31st day of July, 1975, and that I was a Salaried Exempt Employee and a Strip Foreman for the Mining Operations for the Fola Coal Company.

That I was a part of the Blue Team for said operation located in Clay County, West Virginia, and that one of the employees working on the Blue Team was Ronnie Arnold, one of the Plaintiffs in this matter.

Ronnie Arnold did not disregard safety instruction and he was a safe employee in the work he performed for me as a member of the Blue Team. Ronnie Arnold made sure his machinery was in proper and safe working condition and followed all necessary safety instructions when performing his job.

Ronnie Arnold complained about the vacation policy as did a lot of employees, especially when it came to hunting season.

During the time Ronnie Arnold worked for me, Ronnie Arnold did not demonstrate a poor attitude toward his job.

Ronnie Arnold was always to work on time and was a dependable worker.

And further affiant saith not.

Witness the following signature and seal this the 15 day of September, 2011.

_James F Taylor_ (SEAL)
~~RONNIE ARNOLD~~
James F Taylor

Taken, sworn to and acknowledged before me the undersigned authority in person by **James Taylor**, a person known to me, this the 15TH day of September, 2011.

My commission expires July 21, 2019.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MICHAEL W. ASBURY
P. O. BOX 231
CLAY, WV 25043
My commission expires July 21, 2009

Michael W. Asbury
Notary Public

**PLEASE AFFIX NOTARY SEAL**

IN THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA
AT CHARLESTON

ERNEST ALDERMAN,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:10-CV-00907
                                          Judge Goodwin

FOLA COAL COMPANT, LLC, a
West Virginia corporation; and
CONSOL ENERGY, INC., a
Delaware corporation,

        Defendants.

# EXHIBIT

# B

IN THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA
AT CHARLESTON

**ERNEST ALDERMAN,**

        Plaintiff,

v.                                 CIVIL ACTION NO. 2:10-CV-00907
                                    Judge Goodwin

**FOLA COAL COMPANT, LLC, a
West Virginia corporation; and
CONSOL ENERGY, INC., a
Delaware corporation,**

        Defendants.

## AFFIDAVIT OF BENJAMIN FITZWATER

**STATE OF WEST VIRGINIA,**

**COUNTY OF CLAY,** to-wit:

I, Benjamin Fitzwater, being duly sworn hereby state that I was born on the 25th day of September, 1954, and that I was listed on the list of employees provided in this matter by Consol Energy, Inc., (hereinafter "Consol") as a Hourly Employee listed as a Preparation Plant Operator at Preparation Plant #1 Operations-Fola Coal Company.

That I operated the Preparation Plant #1 and during my employment up to an including this day I am familiar with the coal operations and am familiar with the workings of the various operations necessary for the delivery and preparation of coal for the market place.

That I have reviewed the statements regarding Ernest Alderman as set forth in Consol's Memorandum of Law in Support of their Motion for Summary Judgment.

It should be noted that during the time period prior to the February, 2010 layoff which is the basis for this matter, the employees at Fola Operations did on I believe two occasions complete their respective jobs in a safe manner so that on one occasion there was a period of time of Two Million Man-hours that was completed without a workplace injury. There was another time that their was a One Million Man-hour time period that was completed without a workplace injury. To the best of my memory, both of these time periods were completed after Consol took over the operations at Fola. Therefore, the references of employees not being safety conscious or being injured on the job is in complete opposition to the awards that the employees received for working without injury.

At the time of the February, 2010, layoff there had been a time period where the Coal Reserves on the ground at the Fola location was beginning to accumulate, (see Quarterly Report prior to layoffs for an explanation) however, it was approximately two weeks to a month after the layoff that the trains began to be loaded with the coal for deliver it to the purchasers. Therefore, to say that there was a slow down in the coal industry which was one of the reasons for the layoff, the said slow down must have corrected itself within a short period of time.

In addition, the employees that were laid off that had experience in the coal mine industry have not been returned to their respective jobs after the coal began to move is reflected by the fact that I observe every day persons working at the Fola Operations that have been hired and these individuals, unlike the employees that were laid off, have very little and sometimes no experience in the coal industry and these young individuals were hired when there were experienced employees to fill the positions.

And further the affiant saith not.

Witness that following signature and seal this the 15th day of September, 2011.

_____(SEAL)
BENJAMIN FITZWATER

Taken, sworn to and acknowledged before me the undersigned authority in person by **Benjamin Fitzwater,** a person known to me, this the 15th day of September, 2011.

My commission expires July 21, 2019.

_____
NOTARY PUBLIC

PLEASE AFFIX NOTARY SEAL



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MICHAEL W. ASBURY
P. O. BOX 231
CLAY, WV 25043
My commission expires July 21, 2009

IN THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA
AT CHARLESTON

**ERNEST ALDERMAN,**

Plaintiff,

v.  CIVIL ACTION NO. 2:10-CV-00907
Judge Goodwin

**FOLA COAL COMPANT, LLC,** a
West Virginia corporation; and
**CONSOL ENERGY, INC.,** a
Delaware corporation,

Defendants.

## CERTIFICATE OF SERVICE

I, Wayne King, Counsel for the Plaintiffs hereby certify that I have this the 16th day of September, 2011, personally served a true copy of **PLAINTIFFS OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** on Defendants by hand delivering the same to the Counsel for the Defendants at their office in the law offices of Steptoe & Johnson, PLLC, Attorneys at Law, Chase Tower, Eighth Floor, Charleston, West Virginia.

_____
Wayne King, WVSBN 2045
420 Main Street
P. O. Box 356
Clay, West Virginia 25043
Phone-1—304-880-8886
e-mail-wayne.lawyer@gmail.com and waynekinglawyer@yahoo.com